**DETUAN LIAN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

No. 08–5655–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Feng Li, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Sada Manickam, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Detuan Lian, a native and citizen of China, seeks review of an October 30, 2008 order of the BIA affirming the January 23, 2007 decision of Immigration Judge ("IJ") Alan L. Page, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Detuan Lian,* No. A097 660 220 (B.I.A. Oct. 30, 2008), *aff'g* No. A097 660 220 (Immig. Ct. N.Y. City Jan. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. First, the agency reasonably relied, in part, on the omission, both from Lian's asylum application and from his wife's letter, of any assertion that his parents restrained family planning officials and helped Lian and his wife escape. Lian also failed to mention in his asylum application that officials attempted to arrest his parents for helping him escape, claiming that he did not include that assertion because he "really didn't want to write so much." Although "asylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), Lian's omissions led to inconsistent accounts of one of the key incidents underpinning his asylum claim. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006). This inconsistency was sufficient to undermine his credibility. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005); *cf. Secaida–Rosales v. INS,* 331 F.3d 297, 307–09 (2d Cir.2003). In addition, the agency reasonably relied on similar omissions in his wife's affidavit. *See Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006).

Second, the agency properly relied, in part, on internal inconsistencies in Lian's testimony to support its adverse credibility determination. While Lian testified that his wife obtained an abortion certificate through bribery, he had previously testified that the certificate was issued voluntarily on the same day as the abortion. Although Lian testified that he and his wife were in hiding in May 2003, he submitted his wife's gynecological examination book into evidence, which indicated that she had a gynecological examination on May 19, 2003. Lian offered explanations

for these inconsistencies, but no reasonable fact-finder would be compelled to credit them. *See Majidi,* 430 F.3d at 80–81.

Third, the IJ reasonably found it implausible that Lian obtained a household registry and a notarial birth certificate in 2004 without any problems although, Lian asserted, the government was searching for him at the time because he had been charged with assaulting family planning officials. This implausibility finding was not erroneous even if the explanations Lian offers may themselves be plausible. *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008). In the same vein, the agency reasonably questioned Lian's submission of an abortion certificate as corroboration for his assertion that his wife had been forcibly aborted. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir.2007).

While the agency may have erred in relying on the record of Lian's credible fear interview where it did not bear sufficient indicia of reliability, *see Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004), remand on this basis would be futile as we can confidently predict that the agency would reach the same credibility determination absent this error. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Because the agency's adverse credibility determination is supported by substantial evidence, the agency properly denied Lian's application for asylum. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401–02 (2d Cir. 2006). Because Lian based his claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).